UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jackie Logan, | C/A No. 6:12-01135-TMC-KFM |
| Plaintiff, | |
| vs. | |
| Cox Media, Inc. | **Report and Recommendation** |
| Defendant. | |

This is a civil action filed by a *pro se* litigant, Jackie Logan ("Plaintiff"), appearing *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. Having reviewed the complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed.

## **FACTS PRESENTED**

Plaintiff indicates that he is the president of an organization called "Put Down the Guns Young People." ECF No. 1, page 3. The complaint alleges that a local radio station, operated by the Defendant, discriminated against Plaintiff. *Id.* Plaintiff further claims that the radio station advertises that they "are a voice to African-Americans" and makes prejudiced "statements against white people." *Id.* Plaintiff seeks monetary damages "for discrimination and for prejudicing my mind at white people." *Id.* at 4.

## **APPLICABLE LAW AND ANALYSIS**

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the

administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief."  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolity can be made where a complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. 25,31(1992).  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir.1990).

The instant complaint is subject to summary dismissal because it fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a).  While it is true that the court is bound to liberally construe Plaintiff's *pro se* complaint, he must do more than make mere conclusory statements to support his claim.  *See Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (affirming dismissal of a complaint which "failed to contain any factual allegations

tending to support [plaintiff's] bare assertion"). Additionally, while Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001)(plaintiff must "offer more detail, however, than the bald statement that he has a valid claim of some type against the defendant").

The complaint, in its entirety, claims that Plaintiff has been subjected to discrimination by a radio station that allegedly makes prejudicial statements against white people. ECF No. 1 at 3. However, the complaint fails to identify Plaintiff's race or provide any facts to support this bare allegation of discrimination. Such a conclusory claim is inadequate to state any type of viable civil rights action based on discrimination. *See Bongam v. Action Toyota, Inc.*, No. 00-1241, 2001 WL 867128, at **3 (4th Cir. August 1, 2001)(listing requirements to establish a discrimination claim under 42 U.S.C. § 1981); *see also Simmons v. Poe*, 47 F.3d 1370 (4th Cir. 1995)(discrimination claim under 42 U.S.C. § 1985). Thus, Plaintiff's complaint is subject to summary dismissal for failure to state a claim upon which relief may be granted. *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996)(statue allowing dismissal of *in forma pauperis* claims "encompasses complaints that are either legally or factually baseless").

Further, to the extent Plaintiff may be moving under 42 U.S.C. § 1983, the Defendant is not amenable to suit under that statute. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by

3

a person acting under the color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The complaint lists the Defendant as a private media corporation. However, private conduct is not actionable under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 940 (1982). Therefore, the sole Defendant in this case is entitled to dismissal from any § 1983 claim asserted by Plaintiff.

## **CONCLUSION AND RECOMMENDATION**

Accordingly, it is recommended that the complaint in the above-captioned case be dismissed without prejudice.

May 14, 2012                                            s/ Kevin F. McDonald
Greenville, South Carolina                 United States Magistrate Judge

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).